LOUISA D'AURIO and FRANK D'AURIO, as Administrators, etc., of NICHOLAS D'AURIO, Deceased, Respondents, Appellants, v. LONG ISLAND RAILROAD COMPANY, Respondent, and THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Defendant.— Order denying plaintiffs' motion to vacate and set aside the verdict of the jury and for a new trial as against defendant Long Island Railroad Company reversed upon the law, without costs, and motion granted, without costs. We are of opinion that the remarks of the trial counsel for the codefendant, New York, New Haven and Hartford Railroad Company, in his summation, that

---

* Affd., 254 N. Y. ——.

the Court of Appeals had decided in this case that "fanciful provisions that the jury might agree upon what should be done do not constitute negligence," and for which the trial court set aside the verdict in favor of that defendant, prejudiced the plaintiffs' case against the respondent to the same extent that it did their case against the codefendant, in the absence of an explanation to the jury that the defendant, appellant, was not a party to the appeal to which counsel referred. While the situation is regrettable, our conclusion cannot be avoided, in the interest of substantial justice. However, we cannot fail to observe the characteristically careful, scientific and respectful manner in which this case was tried and presented by counsel for appellant. He did all within his power to preserve the rights of his client by a request, in the absence of the jury, that the jury should be instructed that the Long Island Railroad Company was not a party to the appeal to which counsel for the codefendant referred. At the suggestion of the court, and in deference to it, he properly made no further reference to the matter. Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ., concur. Settle order on notice.